## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

RICKY LEE RUSHING,                                                            PETITIONER
ADC #065405

v.                                          5:15CV00204-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner, Ricky Rushing, pleaded guilty to his fourth driving while intoxicated charge in June 2012, and was sentenced to three-years' imprisonment in Arkansas Department of Correction.  (Doc. No. 12-1.)  He first filed a federal Petition for Writ of Habeas Corpus in April 2013.[1]  It was dismissed with prejudice by Chief Judge Brian S. Miller on August 23, 2015, and a certificate of appealability was denied.  Mr. Rushing filed the current Petition on June 22, 2015, asking the Court to release him immediately.  (Doc. No. 1.)  Respondent filed a Motion to Dismiss (Doc. No. 11) and Brief in Support (Doc. No. 12) on August 3, 2015, stating that this Court lacks jurisdiction because the Petition is

---

[1]Rushing v. Hobbs, 5:13CV00119-BSM.

successive, and Mr. Rushing did not first acquire authorization from the Eighth Circuit Court of Appeals to file a second petition.  (*Id*.)  For the following reasons, the Court agrees.

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007).  Further, the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. 2244(b)(2).  Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, the Court finds that the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition.  28 U.S.C. § 2244(b)(3); *see also*

*Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate that Mr. Rushing sought and received authorization from the Eighth Circuit before filing this successive petition. He must apply for, and receive, permission from the Eighth Circuit before filing any habeas corpus petition that challenges his conviction. The Court finds it does not have jurisdiction over Mr. Rushing's claims and the Petition must be dismissed. The Court recommends dismissal without prejudice so Mr. Rushing may refile his Petition should the Eighth Circuit Court of Appeals grant him permission to proceed.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Respondent's Motion to Dismiss (Doc. No. 11) be granted, Mr. Rushing's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice, and the requested relief be DENIED.

DATED this 14th day of September, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE